UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JIMMY JAMES and JEREMY VEGA,

                      Plaintiffs,

  - against -

THE CITY OF NEW YORK, a municipal entity;
and New York City Police Officers RANDY
HENRIQUEZ (Shield #8570) and KELVIN
GLOVER, in their individual capacities,

                      Defendants.
------------------------------------------------------------------X

15 CV 512

**COMPLAINT**

**JURY TRIAL**

Plaintiffs JIMMY JAMES and JEREMY VEGA, by their attorneys, Beldock Levine & Hoffman LLP, as and for their complaint, allege as follows:

**PRELIMINARY STATEMENT**

1. This civil rights action seeks redress under 42 U.S.C. § 1983 and New York State law for injuries Plaintiff sustained from the unconstitutional conduct of defendants THE CITY OF NEW YORK and New York City Police Officers RANDY HENRIQUEZ (Shield #8570) and KELVIN GLOVER.

2. On January 23, 2014, the defendant officers accosted plaintiffs in an elevator of a New York City Housing Authority building without any suspicion that plaintiffs were engaged in illegal activity. The officers demanded to know why plaintiffs were in the building and required them to produce their identification. Plaintiffs told the officers they were visiting friends and family in the building and asked why they were being questioned. The officers did not check with the people plaintiffs said they were visiting. Instead, the officers detained and frisked plaintiffs, physically and verbally assaulted them, arrested them, and falsely charged them with baseless trespass offenses, which were all eventually dismissed.

3. Plaintiffs seek (i) compensatory damages for physical injury, psychological and emotional distress, and financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorneys fees, as this Court deems equitable and just.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiffs' constitutional and civil rights.

5. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

## VENUE

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to plaintiffs' claims took place.

## JURY DEMAND

7. Plaintiffs demand a trial by jury in this action on each and every one of their claims for which jury trial is legally available.

## THE PARTIES

8. Plaintiff JIMMY JAMES, a citizen of the United States, is and was at all times relevant to this Complaint a resident of Bronx County, City and State of New York.

9. Plaintiff JEREMY VEGA, a citizen of the United States, is and was at all times relevant to this Complaint a resident of Bronx County, City and State of New York.

10. Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.

11. The City is authorized by law to maintain a public housing authority and does maintain the New York City Housing Authority ("NYCHA"). NYCHA owns and operates housing for low-income residents in all five boroughs of New York City. NYCHA is responsible for the creation and implementation of policing and security policies in buildings owned by NYCHA.

12. The City is authorized by law to maintain a police department, and does maintain the New York City Police Department ("NYPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

13. Defendants RANDY HENRIQUEZ (Shield #8570) and KELVIN GLOVER are NYPD Police Officers who unlawfully detained, frisked, assaulted, and arrested plaintiffs without suspicion of any illegal activity and lodged false criminal charges against them.

14. At all times relevant herein, defendants HENRIQUEZ and GLOVER have acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

15. At the times relevant herein, defendants HENRIQUEZ and GLOVER violated clearly established rights and standards under the First, Fourth, and Fourteenth Amendments to the United States Constitution, of which reasonable police officers in their respective circumstances would have known.

## STATEMENT OF FACTS

16. Jimmy James and Jeremy Vega are life-long residents of the Bronx.

17. Mr. James is a graduate of Bronx Community College and has an Associate's Degree in Computer Information Systems.

18. On January 23, 2014, Mr. James and Mr. Vega went to 400 Brook Avenue in the Bronx.

19. Upon information and belief, 400 Brook Avenue is a residential apartment building owned and operated by NYCHA.

20. They went there to see Brylen Pimental.

21. Mr. Pimental is Mr. James' cousin and Mr. Vega's friend.

22. Mr. Pimental lived in an apartment on the twentieth floor of 400 Brook Avenue.

23. Mr. Vega's aunt also lived on the twentieth floor of 400 Brook Avenue.

24. Plaintiffs entered 400 Brook Avenue and went to Mr. Pimental's apartment on the twentieth floor.

25. After some time, plaintiffs left Mr. Pimental's apartment.

26. They took an elevator down to leave the building.

27. Before the elevator arrived on the ground floor, it stopped and defendants NYPD Officers Randy Henriquez and Kelvin Glover entered the elevator.

28. One or both of the officers asked plaintiffs, in sum and substance, "What are you doing here?" Mr. James responded, in sum and substance, "We just came from my cousin's apartment."

29. One of the officers demanded plaintiffs produce their identification.

30. Plaintiffs provided their identification to the officers.

31.     The officers then aggressively questioned plaintiffs about who they were visiting in the building.

32.     Mr. James said, in sum and substance, that he could take the officers to his cousin's apartment on the twentieth floor.

33.     Mr. Vega said, in sum and substance, that he could take the officers to his aunt's apartment, which was on the same floor.

34.     One of the officers ordered plaintiffs to take them to the apartments.

35.     While the elevator was returning to the twentieth floor, plaintiffs asked the officers why they were being stopped and questioned.

36.     One of the officers told plaintiffs to "shut up."

37.     Mr. James then asked the officers, in sum and substance, "Don't we have the right to know?" and one of the officers responded, "Shut up, you fat bastard."

38.     When the elevator stopped at the twentieth floor, the officers told plaintiffs that they were being arrested.

39.     One of the officers slammed Mr. James into the wall of the elevator and placed him in handcuffs.

40.     The other officer slammed Mr. Vega into the wall of the elevator and placed him in handcuffs.

41.     The officers never went to the apartments where Mr. Pimental or Mr. Vega's aunt lived.

42.     The officers never asked plaintiffs for the names of the people they were visiting nor ever attempted to contact those people.

43.     The officers put plaintiffs in a police van and drove them to the 40th Precinct.

44. After several hours, plaintiffs were transported to Central Booking.

45. The following day, January 24, 2014, plaintiffs were brought before a judge and arraigned on two misdemeanor charges, Criminal Trespass in the Second and Third degrees, and a trespass violation.

46. Plaintiffs were released on their own recognizance.

47. Plaintiffs had to return to court in or about March 2014 to answer the charges against them.

48. When they appeared in court, plaintiffs presented a letter from Mr. Pimental that he resided at 400 Brook Avenue.

49. The prosecutor spoke with Mr. Pimental and confirmed that he had given plaintiffs permission to be in the building.

50. All charges against plaintiffs were dismissed.

51. Defendants' conduct caused plaintiffs to suffer loss of liberty, loss of income, emotional and psychological pain, embarrassment, humiliation, and harm to their reputation.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

52. Plaintiffs each served a Notice of Claim upon the City of New York by certified mail on March 26, 2014, within ninety days of the events giving rise to their claims.

53. The City has never served either plaintiff with a demand for examination pursuant to section 50-h of the New York General Municipal Law.

54. More than thirty days have elapsed since plaintiffs served their Notices of Claim and the City has not offered adjustment or payment thereof.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Violations of Fourth and Fourteenth Amendment Rights
### (Individual Defendants)

55. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

56. In committing the acts and omissions complained of herein, defendants HENRIQUEZ and GLOVER acted under color of state law to deprive each plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

    a. the right to be free from unreasonable search and seizure;

    b. the right to be free from excessive force;

    c. the right to be free from arrest without probable cause;

    d. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion, or legal justification, and of which detention plaintiffs were aware and to which they did not consent;

    e. the right to be free from the lodging of false criminal charges by police officers;

    f. the right to be free from malicious prosecution by police officers, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiffs' favor; and

    g. the right to be free from deprivation of liberty without due process of law.

57. As a direct and proximate result of being deprived of these constitutional rights, plaintiffs suffered the injuries and damages set forth above.

58. The unlawful conduct of defendants HENRIQUEZ and GLOVER was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – Violations of First Amendment Rights
### (Individual Defendants)

59. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

60. Plaintiffs were aware of their constitutional right to speak with and ask questions of police officers.

61. Defendants HENRIQUEZ and GLOVER physically attacked plaintiffs and arrested them because plaintiffs exercised their right to question why the officers had, *inter alia*, stopped and questioned them without a reason and demanded they produce their identification.

62. By virtue of the foregoing, defendants HENRIQUEZ and GLOVER intentionally deprived plaintiffs of their rights secured by the First Amendment of the United States Constitution and as such, are liable to plaintiffs under 42 U.S.C. § 1983.

63. As a direct and proximate result of being deprived of their constitutional rights, plaintiffs suffered the injuries and damages set forth above.

64. The conduct of defendants HENRIQUEZ and GLOVER was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 – Violations of Fourth and Fourteenth Amendment Rights
### (City of New York)

65. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

66. The unconstitutional conduct of defendants HENRIQUEZ and GLOVER was directly and proximately caused by policies, practices, and/or customs devised, implemented, enforced, encouraged and sanctioned by the City.

67. At all times relevant herein, NYCHA has authorized the NYPD and its officers to act as NYCHA's agents in NYCHA building and have the authority to enter all NYCHA buildings, question people they encounter, and act as a complainant on NYCHA's behalf in criminal trespass cases related to NYCHA property.

68. As part of carrying out these security obligations in and around NYCHA buildings, the NYPD has maintained unlawful trespass enforcement policies and practices.

69. These policies and practices constitute a custom and practice wherein officers stop and question persons inside NYCHA buildings without sufficient legal basis, seize persons inside NYCHA buildings without reasonable suspicion, and unlawfully arrest individuals for trespass inside NYCHA buildings without probable cause.

70. These policies and practices result from inadequate training of NYPD officers, improper written policies and training protocols of the NYPD and NYCHA, insufficient supervision of NYPD officers, and a failure to discipline officers who have conducted unlawful stops and/or arrests as part of their duties in policing NYCHA buildings.

71. These policies and practices have led to large numbers of NYCHA residents and their invited guests being subjected to unlawful stops, frisks, and/or arrests for trespass.

72. The NYPD's unlawful trespass enforcement policies and practices have caused individuals, including plaintiffs, to be arrested in the course of lawfully visiting a NYCHA resident.

73. The City has been aware, at least since 2007, that the NYPD's trespass enforcement policies and practice are unlawful.

74. At all relevant times, the City, acting through the NYPD and the individual defendants, has implemented, enforced, encouraged, and sanctioned a policy, practice, and/or

custom of stopping and frisking people inside of NYCHA buildings without the reasonable articulable suspicion of criminality required by the Fourth Amendment, and in particular, has displayed deliberate indifference toward a widespread practice of unconstitutional stops and frisks by the NYPD inside of NYCHA buildings.

75.     At all relevant times, the City, acting through the NYPD and the individual defendants, has implemented, enforced, encouraged, and/or sanctioned a policy, practice, and/or custom of unconstitutional arrests for trespass inside NYCHA buildings without the probable cause required by the Fourth Amendment.

76.     At all relevant times, the City, has displayed deliberate indifference toward a widespread practice of unconstitutional arrests by the NYPD for trespass inside of NYCHA buildings.

77.     By displaying deliberate indifference toward a widespread practice of unconstitutional stops and frisks and trespass arrests inside of NYCHA buildings, the City caused the plaintiffs to be subjected to the violations of their constitutional rights alleged herein.

78.     As a result of the foregoing, plaintiffs suffered the injuries and damages alleged herein.

## FOURTH CAUSE OF ACTION
### Violations of New York State Constitution

79.     Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

80.     Defendants subjected plaintiffs to the foregoing acts and omissions without due process of law, thereby depriving plaintiffs of rights, privileges, and immunities guaranteed by Article 1, § 6 and 12 of the New York State Constitution, including, without limitation, the right to due process and the right to be free from unreasonable searches and seizures.

81.     As a direct and proximate result of defendants' deprivations of plaintiffs' rights, privileges, and immunities guaranteed by the New York State Constitution, plaintiffs suffered the injuries and damages set forth above.

## FIFTH CAUSE OF ACTION
### Assault and Battery

82.     Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

83.     Defendants HENRIQUEZ and GLOVER, without just cause, wilfully and maliciously used physical force against plaintiffs, causing them injuries.

84.     Defendants HENRIQUEZ and GLOVER committed the foregoing acts intentionally, wilfully, and with malicious disregard for plaintiffs' rights, and are therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION
### False Imprisonment

85.     Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

86.     Defendants HENRIQUEZ and GLOVER, through the foregoing acts, caused plaintiffs to be wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which detention plaintiffs were aware and to which they did not consent.

87.     Defendants HENRIQUEZ and GLOVER committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiffs' rights and are therefore liable for punitive damages.

11

## SEVENTH CAUSE OF ACTION
**Malicious Prosecution**

88. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

89. Defendants HENRIQUEZ and GLOVER, through the foregoing acts, maliciously commenced criminal proceedings against plaintiffs, which ended in their favor, without probable cause to believe plaintiffs were guilty of the crimes charged.

90. Defendants HENRIQUEZ and GLOVER committed the foregoing acts intentionally, willfully, and maliciously, and are therefore liable for punitive damages.

## EIGHTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**

91. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

92. Defendants HENRIQUEZ and GLOVER, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally, and/or recklessly caused plaintiffs to experience severe mental and emotional distress, pain, suffering, and damage to name and reputation.

93. Defendants HENRIQUEZ and GLOVER committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiffs' rights and are therefore liable for punitive damages.

## NINTH CAUSE OF ACTION
**Negligence**

94. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

95. Defendants HENRIQUEZ and GLOVER owed plaintiffs a duty of care, including the duty to exercise due care in the course of their duties as NYPD officers and the duty to protect citizens from the intentional misconduct of other NYPD officers.

96. Defendants HENRIQUEZ and GLOVER, through the foregoing acts, negligently failed to use due care in the performance of their duties in that they failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

97. All of these acts were performed without any negligence on the part of plaintiffs and were the proximate cause of injuries to plaintiffs.

## TENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

98. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

99. As police officers acting in the performance of their duties, defendants HENRIQUEZ and GLOVER owed plaintiffs a duty of care.

100. In breach of that duty, defendants HENRIQUEZ and GLOVER endangered plaintiffs' safety and caused them to fear for their safety.

101. As a result, plaintiffs suffered emotional distress.

## ELEVENTH CAUSE OF ACTION
### *Respondeat Superior*

102. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

103. At all relevant times, defendants HENRIQUEZ and GLOVER were employees of the City and were acting within the scope of their employment.

104. The City is therefore vicariously liable under the doctrine of *respondeat superior* for the actions of defendants HENRIQUEZ and GLOVER set forth herein.

## DEMAND FOR RELIEF

**WHEREFORE**, plaintiffs demand the following relief against the defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages from defendants HENRIQUEZ and GLOVER to the extent allowable by law;

(c) attorneys fees;

(d) the costs and disbursements of this action;

(e) interest; and

(f) such other and further relief as this Court deems just and proper.

Dated: New York, New York
       January 22, 2015

_____
Joshua S. Moskovitz (JM3635)
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH Suite
New York, New York 10016
(212) 490-0400

*Attorneys for Plaintiffs Jimmy James and Jeremy Vega*